DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| HARRIS ANGELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| VIRGIN ISLANDS DEPARTMENT OF LABOR, | ) |
| VIRGIN ISLANDS WORKERS' | ) |
| COMPENSATION ADMINISTRATION, | ) |
| CECIL R. BENJAMIN, individually and as | ) CIV. NO. 2009-28 |
| Commissioner of Labor and *ex officio* Administrator, | ) |
| Workers' Compensation Administration, ALBERT | ) |
| BRYAN, Jr., Individually and as Commissioner of Labor | ) |
| and *ex officio* Administrator, Workers' Compensation | ) |
| Administration, KEVIN A. RODRIQUEZ, Individually | ) |
| and as Director of Personnel, KENNETH L.HERMON, JR. | ) |
| Individually and as Director of Personnel, WANDA L. | ) |
| MORRIS, Individually and as Director, Workers' | ) |
| Compensation Administration, and YVONNE | ) |
| WEBSTER-PRYCE, Individually and as Director | ) |
| of Administration, Department of Labor, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATIONS REGARDING MOTION TO DISMISS**

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' unopposed Motion to Dismiss this action pursuant Federal Rules of Civil Procedure, Rule 12(b)(1) for lack of subject matter jurisdiction; Rule 12(b)(4) for insufficient process; Rule 12(b)(5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## I. FACTUAL HISTORY

Harris Angell ("Angell") is a former employee of the Virgin Islands Department of Labor (the "DOL"), Workers' Compensation Administration Division. Angell's employment at the DOL was terminated on September 20, 2005. Angell has brought suit against the DOL, the Virgin Islands Workers' Compensation Administration (the "WCA"; collectively the DOL and the WCA will be referred to as the "Agency Defendants"), former Commissioner of Labor, Cecil Benjamin ("Benjamin'), present Commissioner of Labor, Albert Bryan, Jr.,[1] former Director of the Division of Personnel, Kevin Rodriguez ("Rodriguez"), present Director of the Division of Personnel, Kenneth Hermon, Jr. ("Hermon"), Director of the WCA, Wanda Morris ("Morris"), and Director of Administration for the DOL, Yvonne Webster-Pryce ("Webster-Pryce"). Angell is suing the Defendants alleging age discrimination under the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, *et. seq*. In the complaint, Angell alleges that at age 67 he was terminated from his position at the DOL and that he was discriminated against in favor of younger employees. (Compl. ¶¶12-14.) Angell thus claims that his termination was a result of age discrimination.

## II. DISCUSSION

"[W]hen ruling on a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing

---

[1] Albert Byran, Jr., was dismissed from this suit by order of the Court entered March 31, 2010.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. A district court may grant the motion to dismiss "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to [plaintiff], [it] determine[s] that [plaintiff] is not entitled to relief under any reasonable reading of the complaint." *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009).

## III. ANALYSIS

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction of this action pursuant to 29 U.S.C. § 626(c).

### B. Sufficiency of Process[2]

The Agency Defendants allege that plaintiff failed to properly serve them. These defendants point out that, as governmental agencies, they may be served one of two ways under Federal Rule of Civil Procedure 4: under either Rule 4(i) or 4(j).[3]

---

[2] This basis for dismissal of the individual defendants named in their individual and official capacities need not be addressed as these defendants are properly dismissed from this action for failure to state a claim upon which relief may be granted.

[3] Plaintiff did not attempt service under Rule 4(j). Accordingly, the requirements for service under Rule 4(j) need not be discussed.

Rule 4(i)(1) provides:

(1) To serve the United States[4], a party must:

(A)    (i)    deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought  - or to an assistant United States attorney or a clerical employee whom the United States attorney has designates in a writing filed with the court clerk - or
      (ii)    send copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
( B)    send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
(C)    if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered mail to the agency or officer.[5]

Fed. R Civ. P. 4(i)(1). Rule 4(i)(2) provides in pertinent part that "to serve a United States agency or corporation, . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . [or] corporation . . . ." Fed. R. Civ. P. 4(i)(2).

Accordingly, to effectuate proper service on the DOL and the WCA, plaintiff had to serve the summons and complaint on the Virgin Islands Attorney General ("Attorney General"), and

---

[4] As defendants note, by Order of the District Court of the Virgin Islands entered on May 16, 1983, which became effective June 1, 1983, the amendments to Rule 4 of the Federal Rules of Civil Procedure made pursuant to the Federal Rules of Civil Procedure Amendments Act of 1982, were made applicable to the Territorial Court of the Virgin Islands (now Superior Court) noting that any "reference in the . . . Act to the 'United States Marshal or Deputy United States Marshal' shall read instead "Marshal or Deputy Marshal of the Territorial Court (now Superior Court) and that all references to 'United States or an officer or agency of the United States' shall read instead 'Virgin Islands or officer or agency of the Virgin Islands.'" Virgin Islands Court Rules Ann. R. 4 (2009).

[5] Subparagraphs(B) is not applicable to cases brought against the Government of the Virgin Islands or its agencies as there is no equivalent to the Attorney General of the United States in the Virgin Islands.

serve the DOL and the WCA with copies of these documents by certified or registered mail directed to the respective agencies. It does not appear from the record that plaintiff served these documents on the DOL or the WCA by certified or registered mail.

Angell did, however, attempt service on the Attorney General, by serving copies of the complaint and summonses directed to the Agency Defendants in care of the Attorney General, at the Attorney General's office. This service may have been insufficient, however, because, according to the returns of summons (Docket Nos. 25 and 33), these were left with an executive secretary in the office of the Attorney General. Pursuant to Rule 4(1)(A), plaintiff must serve the Attorney General in one of three ways: by personal service on the Attorney General, service on an assistant Attorney General, or by serving a clerical employee whom the Attorney General designates in writing with the Clerk of Court. Here, none of parties has submitted any evidence as to whether the secretary with whom the process was left was properly designated to receive it.

The service requirements under Rule 4(i) are mandatory and not discretionary, and must be met. *Schaefer v. United States of America,* 1991 U. S. Dist. LEXIS 5354, * 3 (E. D. Pa. April 22, 1991) (referencing *Braxton v. United States*, 817 F.2d 238, 240 (3d Cir. 1987)). However, in the absence of strict compliance with the requirements of Rule 4(i), the Court, under Rule 4(m), has the discretion either to allow plaintiff the opportunity to effectuate proper service on the DOL and the WCA, or to dismiss plaintiff's complaint without prejudice. Rule 4(m) in pertinent part provides:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time.

>       But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . . .

Fed. R. Civ. P. 4(m).

The Third Circuit has interpreted Rule 4(m) to "require a court to extend the time if good cause is shown and allow a court discretion to dismiss or extend time absent a showing of good cause." *MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F. 3d 1086, 1098 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1305 (3d. Cir. 1995)).  Good cause has been explained to require a "demonstration of good faith . . . and some reasonable basis for noncompliance with the time specified in the rules."  71 F. 3d at 1097.  The Third Circuit further noted that "the absence of prejudice [to the defendant] alone can never constitute good cause . . . . While the prejudice may tip the 'good cause' scale, the primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id*.  Accordingly, it is recommended that the Court afford plaintiff the opportunity to demonstrate good cause why this action should not be dismissed for failure to timely serve the Agency Defendants.

## C. Failure to State Claim Upon Which Relief May Be Granted[6]

Angell asserts that all defendants are liable for alleged discriminatory acts in violation of the

---

[6] Defendants also argue that plaintiff failed to state a claim upon which relief may be granted under 42 U.S.C. §§1983 and 1985(3), however, those claims were asserted in a proposed amended complaint, and the motion to amend the complaint was denied by Order dated October 16, 2009.

It is recommended that the Court deny without prejudice the motion to dismiss for failure to state a claim upon which relief may be granted under the ADEA against the Agency Defendants, to allow plaintiff to show cause why this action should not be dismissed for failure to timely serve them.

ADEA. The ADEA provides:

> It shall be unlawful for an employer- (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age . . . .

29 U.S.C. § 623.

Defendants Benjamin, Rodriquez, Hermon, Morris and Webster-Pryce are being sued in their individual and official capacities. The ADEA does not specifically address whether an individual may be personally liable. However, in *Hill v. Borough of Kutztown,* 455 F.3d 225 (3d Cir. 2006), the Court of Appeals for the Third Circuit specifically observed that the ADEA does not provide for individual liability, *id.* at 246 n. 29, noting that other circuits have so held. *See, e.g., Horwitz v. Board of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001); *Medina v. Ramsey Steel Co., Inc.,* 238 F.3d 674 (5th Cir. 2001); *Smith v. Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995).

Moreover, in *Acevedo v. Monsignor Donovan High School,* 420 F. Supp. 2d 337(D.N.J. 2008), the court noted that there is no distinction between suing a person in an individual or official capacity in an ADEA action: "[i]f the defendant is not [the] plaintiff's employer, . . . it is irrelevant whether that person was acting in an official or individual capacity" . . . As such, the 'relevant threshold question is not whether the defendant acted in an official capacity, but whether the defendant is the plaintiff's employer under the statute." *Id*. at 346 (internal citation omitted). Accordingly, as the individually-named defendants are not the plaintiff's employer under the ADEA, they are not subject to personal liability, and should be dismissed from this action.

## IV. CONCLUSION

The premises considered, it is hereby **RECOMMENDED**:

1. That plaintiff be required to show cause in writing, on or before October 15, 2010, why this matter should not be dismissed against the Department of Labor and the Workers' Compensation Administration for lack of timely service;

2. That the Motion to Dismiss as to defendants Benjamin, Rodriquez, Hermon, Morris, and Webster-Pryce be GRANTED; and

3. That the Motion to Dismiss the Department of Labor and Workmens' Compensation Administration be DENIED without prejudice.

Any objections to this report and recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. Section 636(b)(1)(B); LRCi 72.3.

DATED: September 27, 2010    S\_____
RUTH MILLER
United States Magistrate Judge